GLD-317                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2167
_____

MICHAEL BEARAM,
                                        Appellant

v.

GEORGE C. WIGEN, Warden; DR. CUTLER; J. HUBLER, LPN; C. SMITH, PA; J.
MILLER, Case Manager.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:13-cv-00050)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  October 7, 2013)
_____

OPINION
_____

PER CURIAM

        Michael Bearam, a prisoner at the Moshannon Valley Correctional Center

(MVCC) in Pennsylvania, appeals pro se the dismissal of a civil rights action brought

pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S.

388 (1971), alleging a violation of his Eighth Amendment rights. For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

In his complaint,[1] Bearam alleged that he has a brain tumor, a pheochromocytoma,[2] and an advanced degree of kidney damage. He alleged that the only treatment he received related to these conditions is blood pressure medication, and that an array of prison doctors failed to treat his condition, with some even denying the existence of his tumors. The District Court dismissed the amended complaint for failure to state a claim. See 28 U.S.C. 1915(e)(2)(B)(ii).

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal for failure to state a claim under a plenary standard. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard requires "a two-part analysis." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions, taking only the factual allegations as true. Id. Second, the court must determine whether the plaintiff has alleged facts "sufficient to show that the plaintiff has

---

[1] Bearam's original complaint was screened by the Magistrate Judge pursuant to 28 U.S.C. § 1915A, who recommended it be dismissed with leave to amend. Bearam filed a "Motion to Amend" which the District Court treated as an amended complaint. Construing his filings liberally, we treat both documents as a single, amended complaint.

[2] A pheochromocytoma is a kind of tumor affecting the adrenal glands. See STEDMAN'S MEDICAL DICTIONARY 1480 (28th ed. 2006).

a plausible claim for relief." Id at 211. "We may also consider documents attached to the complaint." Huertas v. Galazy Asset Management, 641 F.3d 28, 32 (3d Cir. 2011) (per curiam). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show 1) deliberate indifference by prison officials to 2) the prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

We may easily affirm the dismissal as to three of the five defendants, as "J. Hubler, LPN; C. Smith, PA; J. Miller, Case Manager" appear nowhere in the complaint other than the caption. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (holding

that personal involvement was a necessary element in a civil rights action against an individual government defendant). Almost as easily, we may affirm the dismissal as to George C. Wigen, warden of MVCC, as his sole involvement appears to be in reviewing Bearam's administrative complaint related to this suit. See id. Additionally, as nonmedical personnel, Wigen is entitled to presume the competence of medical staff in treating a prisoner, meaning that his conduct cannot, without much more, amount to "deliberate indifference." See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

The final defendant is Dr. Cutler. Dr. Cutler's involvement is unclear. The factual allegations against Dr. Cutler, stripped of legal conclusions not entitled to the presumption of truth, are that:

> Dr. Cutler, recommends High Blood Pressure Pills, which are totally inadequate to remedy my Kidney or Tumor problem. Dr. Cutler refuses to perform Surgery so as to remove the Tumor. Further, Dr. Cutler, refuses a Blood Transfusion . . . refuses to conduct an MRI, CT scan, or Surgery to remove the Tumor in the Brain. Dr. Cutler said: 'the Blood test shows negative.' Inspite of my pain, slow lost of eye sight, swelling in the chest, groin area, all of which I am constantly complaining of to the Medical Staff. . . Dr. Cutler made clear that I do have a High Blood pressure. What Dr. Cutler is refusing to acknowledge is the Pheochromocytoma which is the root cause of my High Blood pressure. Dr. Cutler told me to keep looking at the 'call out' for my name.

Amended Complaint at 2-3 (errors in original). Taking these allegations as true, they do not rise to the level of deliberate indifference, and are at best an allegation of medical malpractice. See Spruill, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.").

4

Bearam asserted that Dr. Cutler either misdiagnosed or refused to diagnose his tumors, and did not order additional testing after some initial diagnostics[3] suggested that Bearam did not have tumors. Without more, the decision not to order additional diagnostic tests will not constitute deliberate indifference, as it suggests mere negligence, if that. See Gamble, 429 U.S. at 106. Bearam's allegation that Dr. Cutler is "refusing to acknowledge" his tumors does not substitute for a plausible allegation that Dr. Cutler actually knew certain tumors existed and refused to treat them. See Schieber v. City of Philadelphia, 320 F.3d 409, 421 (3d Cir. 2003). Here, we have instead an allegation that Dr. Cutler performed some investigation and determined that Bearam does not have the condition he thinks he has; while Dr. Cutler could conceivably be wrong, he cannot consciously disregard a risk he has found reason to believe does not exist. There are no facts to draw an inference of a substantial risk of serious harm, and Dr. Cutler has accordingly drawn the opposite inference.[4]

Finding no substantial question to be presented by this appeal, we will summarily affirm the judgment of the District Court.

---

[3] In addition to the allegations relating to Dr. Cutler himself, the complaint and the documents attached also suggest that multiple MRIs were performed at a previous prison, that while at MVCC additional urinalysis and blood tests have been performed, and that Bearam saw a nephrologist, with the result that no evidence of tumors has been found. It is not clear which of these tests were ordered by or reviewed by Dr. Cutler personally, beyond the blood test referenced in the text.

[4] Under the circumstances presented here, where the plaintiff has already amended his complaint once to allege deliberate indifference, the District Court was not obliged to give Bearam additional leave to amend. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002).